[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 31, 2008
THOMAS K. KAHN
CLERK

No. 08-11025
Non-Argument Calendar
_____

D.C. Docket No. 06-00054-CV-JTC-3

YOLANDA REEVES,

                                                      Plaintiff-Appellant,

versus

MIKE YEAGER,
Sheriff, Cowetta County, Georgia Sheriff
Department,

                                                      Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(October 31, 2008)**

Before BARKETT, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Yolanda Reeves, an African-American female, appeals from the district court's grant of summary judgment in favor of her employer, Sheriff Mike Yeager,[1] in her employment discrimination suit, filed pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a). The present dispute arose after Yeager discharged Brown because he believed that she called a friend to warn her that the Sheriff's Office received evidence that the friend's daughter-in-law was involved in illegal activity. Brown, however, claimed that Yeager unlawfully terminated her employment because of her race and gender.

On appeal, Reeves argues that (1) she established a prima facie case of race and gender discrimination because she presented evidence that similarly situated employees were treated more favorably; and (2) the reasons given for her termination were a pretext for unlawful race and gender discrimination. We review a district court's grant of summary judgment de novo. Thomas v. Cooper Lighting, Inc., 506 F.3d 1361, 1363 (11th Cir. 2007).

---

[1] This suit was ultimately brought only against the Coweta County Sheriff's Office, not Sheriff Mike Yeager, but as Yeager's name remains on the case style, it will be used throughout this opinion when referring to the defendant.

A prima facie case of disparate treatment is established when the plaintiff demonstrates that she "was a qualified member of a protected class and was subjected to an adverse employment action in contrast with similarly situated employees outside the protected class." Wilson v. B/E Aerospace, Inc., 376 F.3d 1079, 1087 (11th Cir. 2004).

The record here shows that while Reeves's alleged comparators all engaged in misconduct, they were not involved in or accused of the same or similar misconduct as Reeves. None of the misconduct involved warning a friend of a possible criminal investigation involving the friend's relative. Therefore, we conclude that Reeves failed to establish a prima facie case of race and gender discrimination because her alleged comparators were not similarly situated in that their actions were not nearly identical to Reeves's informing her friend that the Sheriff's Office discovered a photograph possibly linking the friend's daughter-in-law to criminal activity.

We note, however, that even if Reeves had successfully established a prima facie case of race and gender discrimination, the district court correctly found that she did not present sufficient evidence for a reasonable jury to conclude that Yeager's articulated reasons for terminating her employment were pretexts for unlawful race or gender discrimination. Reeves admitted that she had acted

inappropriately in warning her friend. Her employer's belief that Reeves jeopardized a criminal investigation and could have jeopardized the investigators themselves was a legitimate and non-discriminatory reason for her termination.

**AFFIRMED.**